IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL WORTHAM | § | |
| v. | § | CIVIL ACTION NO. 6:1cv591 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION TO REOPEN

On December 18, 2001, Plaintiff Michael Wortham, at that time proceeding *pro se* and *in forma pauperis*, initiated this civil action pursuant to the Social Security Act (The Act), Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. It was originally assigned to the Honorable William M. Steger, United States District Judge. Pursuant to 28 U.S.C. § 636(b), the case was referred to a United States Magistrate Judge of this District for findings of fact, conclusions of law, and recommendations for the disposition of pending motions.

Plaintiff's original complaint, which was labeled a "Complaint" on page one and an "Amended Complaint" at page two, alleged in its entirety:

1. Social Security Administration denied my right to appear in person the hearing by Administrative Law Judge.

      2.      Social Security Administration denied my right to review file before the date of the hearing.

Complaint at 2 (as in original). Otherwise, the complaint contained only a one-page preprinted form with basic identifying information filled in, but no information about the nature or details of Plaintiff's claim to the Administration.

On April 8, 2002, the Commissioner filed a Motion to Dismiss (docket entry #13) for Plaintiff's failure to exhaust his administrative remedies prior to filing his lawsuit. The Commissioner asserted that Plaintiff had not completed the steps necessary under 42 U.S.C. § 405(g) and the supporting Social Security regulations to confer jurisdiction on this Court. Specifically, the Commissioner asserted that Plaintiff had not appeared at an administrative hearing and that no final decision had issued in this matter to serve as the jurisdictional basis for review by the federal court. The Commissioner attached a declaration to the motion by Olga C. Kelley, Chief of the Court Case Preparation and Review Branch 2, Officer of Hearings and Appeals. Ms. Kelley declared under penalty of perjury, and submitted authenticated documents showing, that Plaintiff had filed his application for supplemental security income on February 26, 2001, which was denied initially and on reconsideration. Plaintiff submitted a request for hearing on August 28, 2001, but then filed his civil action in this Court on December 18, 2001, before any administrative hearing was held or any decision issued within the Social Security Administration. In fact, as it developed, no hearing was ever held and no decision ever issued, though the affidavit is silent as to the reasons why. Nonetheless, the declaration makes clear that Plaintiff filed his federal complaint without a final decision by the Commissioner. Plaintiff never filed a response to the Commissioner's motion.

Therefore, on July 2, 2002, the assigned Magistrate Judge, having reviewed the case, issued a Report and Recommendation ("R&R") that the Plaintiff's complaint be dismissed without prejudice for failure to exhaust his administrative remedies. *See* docket entry #14. Plaintiff did not file any objections to the R&R or otherwise contact the Court. On July 18, 2002, Judge Steger adopted the R&R and dismissed Plaintiff's complaint without prejudice and entered Final Judgment on the dismissal. *See* docket entries #15, 16.

On August 23, 2011, over nine years after final judgment, Plaintiff filed a brief pleading entitled "Claim for Supplemental Security Income," which the Court construes as a letter Motion to Reopen his original claim in this case. *See* docket entry #17. The motion is extremely brief, just as the original complaint in this case, and states in its entirety:

> Requesting Federal Court review for my S.S.I. claim.
> Grounds:
> 1.      Unable to work in pain.
> 2.      Jurisdiction and history are false from the Administrative Law Judge James W. Lessis.

Motion at 1.

However, even crediting the cursory allegations of the motion, a federal court's jurisdiction for judicial review of matters falling under the Social Security Act is limited to the power established in 42 U.S.C. § 405(g):

> Under § 405(g), an individual may obtain judicial review of a "final decision of the Secretary made after a hearing to which he was a party." 42 U.S.C. § 405(g). The "final decision" requirement has two elements: a non-waivable requirement that the claim be first presented to the Secretary and a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted.

*See Citadel Healthcare Servs. Inc. v. Sevelius*, 2010 WL 5101389, at *4 (N.D. Tex. Dec. 8, 2010) (in context of Title XVIII (Medicare) of the Social Security Act) (citing *Bowen v. City of New York*,

3

476 U.S. 467, 483, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). As to the prescribed administrative remedies, "[a] claimant is required to complete a four-step administrative review process in order to obtain a final decision capable of judicial review: (1) an initial determination; (2) reconsideration; (3) administrative hearing; and (4) appeals council review." *Polonczyk v. U.S. Social Sec. Disability*, 2011 WL 1356924, at *2 (S.D. Miss. Apr. 11, 2011) (citing 20 C.F.R. §§ 404.900, 416.1400). "Thus, a district court only has jurisdiction to review an SSA action where the claimant has exhausted [her] administrative remedies." *Id*. (citing *Muse v. Sullivan*, 925 F.2d 785, 791 (5th Cir. 1995) (per curiam). Further, regarding waiver of the administrative remedies:

> The exhaustion requirement may either be waived by the Secretary or, in exceptional cases, by the courts. *Eldridge*, 424 U.S. at 330. The Supreme Court has approved three factors to consider in waiving the exhaustion requirement: (1) whether a claim is collateral to a demand for benefits, (2) whether exhaustion would be futile, and (3) whether the harm suffered pending exhaustion would be irreparable.

*Citadel Healthcare Servs. Inc*, 2010 WL 5101389, at *4 (further citing *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984)).

Although a "dismissal without prejudice" leaves open the potential for a plaintiff to seek to reopen a case closed in such a manner, there is nothing in Plaintiff's instant motion to change the decision to dismiss this action and enter final judgment. It is apparent from Ms. Kelley's declaration that Plaintiff completed the first two steps in the process: an initial determination of his claim and a reconsideration of it. However, he does not even offer an unsupported allegation that he has completed the remainder administrative process and obtained a final decision. Further, he does not argue that any error was made, except for his second allegation that "[j]urisdiction and history are false" from an Administrative Law Judge. That statement alone does not show that any hearing was

held or decision issued. Furthermore, there is nothing in Plaintiff's motion to suggest any basis for this Court to waive the exhaustion requirement under the three factors above. *Heckler*, 742 F.2d at 736.

For these reasons, it is hereby

**ORDERED** that Plaintiff's constructive Motion to Reopen (docket entry #17) is **DENIED**.

**So ORDERED and SIGNED this 28th day of September, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**